**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Timothy A. BROWN, Defendant—
Appellant.**

**No. 00–5133.**

United States Court of Appeals,
Sixth Circuit.

May 16, 2001.

---

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GADOLA, District Judge.*

PER CURIAM.

Defendant Timothy Brown appeals the sentence entered on his guilty plea to possessing an unregistered shotgun with a barrel length of less than eighteen inches in violation of 26 U.S.C. §§ 5822 5861(d), and 5871. Defendant argues that (1) he did not waive his right to appeal his sentence. (2) the court erred in adding a two-point enhancement for additional firearms

(based on relevant conduct) under USSG § 2K2.1(b)(1)(B), and (3) there was insufficient evidence to establish by a preponderance that Defendant committed the unlawful acts which the court considered as relevant conduct. We AFFIRM Defendant's sentence.

## I.

The Bureau of Alcohol, Tobacco, and Firearms ("BATF") received information that Defendant, a convicted felon,[1] had purchased a firearm from a federally licensed firearms dealer, had brandished an SKS rifle during a confrontation, and was stockpiling firearms and ammunition, including an unregistered sawed-off shotgun. The BATF obtained a search warrant for Defendant's residence, where they found, among other things, the following items: (1) a loaded sawed-off shotgun; (2) two loaded SKS rifles; (3) canisters of various caliber ammunition; (4) a .22 caliber rifle; and (5) a "to-go" bag containing a loaded Taurus pistol, a loaded Smith and Wesson .45 caliber semi-automatic pistol, a loaded FIE-type semi-automatic pistol, and various loaded magazines.

Upon questioning, Defendant admitted that the firearms and ammunition were his. Defendant was charged in a six count indictment .[2] Ultimately, Defendant pleaded guilty to Count Five, which involved violations of 26 U.S.C. §§ 5822, 5861(d), and 5871 for possessing an unregistered shotgun with a barrel length of less than eighteen inches. As part of the plea

---

* The Honorable Paul V. Gadola, United States District Judge for the Eastern District of Michigan, sitting by designation.

1. Defendant was convicted in 1980 and 1981 of third degree burglary.

2. Counts One and Two charged Defendant with violation of 18 U.S.C. § 922(a)(6) and 924(a)(2), making a false and fictitious statement to a licensed gun dealer in connection with the acquisition of a firearm. Counts

Three and Four charged that Defendant violated 18 U.S.C. § 922(g) and 924(a)(2), being a convicted felon in possession of various firearms. Count Five charged Defendant with violations of 26 U.S.C. §§ 5822, 5861(d), and 5871, possessing an unregistered shotgun with a barrel length of less than eighteen inches. Count Six charged a violation of 21 U.S.C. § 844(a), possession of marijuana.

agreement, Defendant waived his right to appeal a sentence within the maximum provided by the offense level as determined by the court, except for issues relating to prosecutorial misconduct, ineffective assistance of counsel, and upward departure.

On October 15, 1999, the court ordered that Defendant undergo a mental competency examination. Defendant was adjudged competent by his evaluators and the court, despite general agreement that his intelligence is limited. At the sentencing hearing, the court determined that Defendant's base offense level was 20. The court then added a two-level increase under USSG § 2K2.1(b)(1)(B), which provides for such an increase where "the offense" involved five to seven firearms.[3] Finally, the court awarded Defendant a three-level reduction for acceptance of responsibility. Defendant's criminal history category was I. Therefore, with a total offense level of 19 and a criminal history category of I, Defendant was eligible for 30–37 months of imprisonment. The court sentenced Defendant to thirty months of incarceration, with three years of supervised release.

## II.

First, we must resolve whether the waiver provision contained in Defendant's plea agreement is valid, and thus bars this court from hearing his challenge to the two-level enhancement for additional firearms. A waiver of appellate rights in a plea agreement is binding so long as it is made knowingly and voluntarily. See *United States v. Ashe,* 47 F.3d 770, 775–76 (6th Cir.1995). We review the district court's findings of knowingness and volun-

tariness for clear error. *Ashe,* 47 F.3d at 776.

Defendant alleges that conflicting language between the plea petition and the plea agreement mandate the conclusion that Defendant did not properly waive his right to appeal. Specifically, Defendant points to paragraph five in the plea petition, which discusses sentencing options and states that the court's findings "are subject to appeal." In contrast, paragraph ten of the petition, which states the terms of the plea agreement, refers to an attached letter from the United States Attorney. Paragraph seven of this letter states that

> [t]he defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the offense level as determined by the court or the manner in which that sentence was determined on the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, in exchange for the concessions made by the United States in this plea agreement. Such waiver does not apply, however, to claims of prosecutorial misconduct, ineffective assistance of counsel, or if the Court departs upward.

Because of the apparent conflict between paragraph five of the plea petition and paragraph seven of the plea agreement letter from the United States Attorney, Defendant claims that he could not possibly have knowingly and voluntarily waived his right to appeal.

We reject Defendant's argument. Although the language in the petition and

---

**3.** U.S.S.G. 2K2.1(b)(1) provides:

  (b) Specific Offense Characteristics
  (1) If the offense involved three or more firearms, increase as follows:

| Number of Firearms | Increase in Level |
|---|---|
| (A) 3–4 | add 1 |
| (B) 5–7 | add 2 |
| (C) 8–12 | add 3 |
| (D) 13–24 | add 4 |
| (E) 25–49 | add 5 |
| (F) 50 or more | add 6 |

the agreement could be construed to conflict, a more reasonable interpretation of the two documents is that the petition, which is on a pre-printed form and phrased broadly, notifies the defendant that appeal is possible, while the agreement, which is specific to an individual defendant, sets the limitations on the right to appeal. In any event, in Defendant's presence the court conducted a lengthy and thorough review of each provision of the plea agreement. Defendant expressly acknowledged that he was waiving his right to appeal the sentence albeit for claims of prosecutorial misconduct, ineffective assistance of counsel, or upward departure. The court emphasized that the waiver of appellate rights was one of the most significant provisions in the agreement, and Defendant affirmatively stated that he understood. Defendant cites *Hunter v. United States,* 160 F.3d 1109, 1114 (6th Cir.1998), wherein we held that the defendant had not waived his appellate rights. However, *Hunter* is inapposite here because the defendant in Hunter never acknowledged that he was waiving his right to appeal. *Id.*

In summary, we hold that Defendant knowingly and voluntarily waived his right to appeal any issue not pertaining to prosecutorial misconduct, ineffective assistance of counsel, or upward departure. Because the remaining two issues in this case, concerning the two-level enhancement for multiple firearms and the sufficiency of the evidence, have been validly waived by the Defendant, we need not address them.

### III.

For the foregoing reasons, we AFFIRM Defendant's sentence.